## FOUR PACKAGES OF CUT DIAMONDS v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit.   January 15, 1919.)

### No. 61.

1. CUSTOMS DUTIES ⚖️130—VIOLATION OF CUSTOMS LAWS—UNLAWFUL IMPOR-
TATION—FORFEITURE.

   A package sent by registered mail from Cuba to the United States, which was distinctly marked "Loose diamonds, dutiable," is not subject to forfeiture, under Tariff Act Oct. 3, 1913, § III, H (Comp. St. § 5526), as having been imported by means of a false invoice or statement.

2. CUSTOMS DUTIES ⚖️130—VIOLATION OF CUSTOMS LAWS—UNLAWFUL IMPOR-
TATION—FORFEITURE—"FRAUDULENTLY AND KNOWINGLY IMPORT."

   A package containing diamonds sent by registered mail from Cuba to the United States, plainly marked "Loose diamonds, dutiable," is not subject to forfeiture under Rev. St. § 3082 (Comp. St. § 5785), as having been "fraudulently or knowingly" imported contrary to law, although the universal postal convention in force at the time, to which Cuba was a party, prohibited the mailing of dutiable articles.

3. TREATIES ⚖️1—UNIVERSAL POSTAL CONVENTIONS—"LAW."

   Universal postal conventions are not treaties, because not made by and with the advice and consent of the Senate, and they are not laws, because not enacted by Congress.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Law; Treaty.]

In Error to the District Court of the United States for the Southern District of New York.

Libel by the United States against Four Packages of Cut Diamonds; Max Goldstein, claimant. Judgment of District Court (247 Fed. 354), forfeiting goods, affirmed (255 Fed. 314, —— C. C. A. ——). On rehearing. Modified.

Crim & Wemple, of New York City, for plaintiff in error.
Francis G. Caffey, U. S. Atty., of New York City.
Before WARD, ROGERS, and HOUGH, Circuit Judges.

WARD, Circuit Judge. Counsel on both sides agree that in our former opinion (255 Fed. 314, —— C. C. A. ——) we overlooked the fact that one package was held not forfeitable on the ground of a false or fraudulent invoice, so that we have to inquire as to it whether it was forfeitable on the further ground that it was imported from Cuba by registered mail contrary to law. The libel charged this to be an importation knowingly made "contrary to law," within section 3082, U. S. Rev. Stat. (Comp. St. § 5785), which reads:

"If any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited. * * *"

[1] The District Judge found the package forfeitable under section III, par. H, of the Tariff Act of October 3, 1913 (38 Stat. 183, c. 16 [Comp. St. § 5526]); but we think there was no such false statement,

either written or spoken, in connection with the deposit in the mails, as is contemplated by the section. On the contrary the package was distinctly marked, "Loose diamonds, dutiable," than which no statement could be more honest.

[2] Authority to make postal conventions with foreign countries is conferred by section 398, U. S. Rev. Stat. (Comp. St. § 587), which reads:

"For the purpose of making better postal arrangements with foreign countries, or to counteract their adverse measures affecting our postal intercourse with them, the Postmaster General, by and with the * * * President, may negotiate and conclude postal treaties or conventions, and may reduce or increase the rates of postage on mail matter conveyed between the United States and foreign countries."

The convention between the United States and Cuba dated June 16, 1903 (33 Stat. pt. 2, p. 2186), provides:

"Article 1. (a) Articles of every kind or nature, which are admitted to the domestic mails of either country, except as herein prohibited, shall be admitted to the mails exchanged under this convention; subject, however, to such regulations as the postal administration of the country of destination may deem necessary to protect its customs revenues.

"But articles other than letters in their usual and ordinary form, must never be closed against inspection, but must be so wrapped or inclosed that they may be readily and thoroughly examined by postmasters or customs officers.

"Except that there may be admitted to the mails exchanged between the United States and Cuba unsealed packages which contain, in sealed receptacles, articles which cannot be safely transmitted in unsealed receptacles: Provided the contents of the closed receptacles are plainly visible or are precisely stated on the covers of the closed receptacles, and that the package is so wrapped that the outer cover can be easily opened.

*　　*　　*　　*　　*　　*　　*　　*

"Art. VII. (a) Any packet of mailable correspondence may be registered upon payment of the rate of postage and the registration fee applicable thereto in the country of origin.

*　　*　　*　　*　　*　　*　　*　　*

"Art. XI. All matters connected with the exchange of mails between the two countries, which are not herein provided for shall be governed by the provisions of the Universal postal convention and regulations now in force, or which may hereafter be enacted, for the governance of such matters in the exchange of mails between countries of the Universal Postal Union generally, so far as the articles of such universal postal convention shall be obligatory upon both of the contending parties."

The universal postal convention, executed by the Postmaster General and approved by the President, dated May 26, 1906 (35 Stat. L. pt. 2, p. 1639) to which Cuba was a party, prohibits the insertion in ordinary or registered correspondence of "articles liable to customs duties." If under the earlier convention with Cuba it was allowable to send such merchandise through the mails it was subsequently prohibited by the universal postal convention.

[3] Such conventions are not treaties, because not made by and with the advice and consent of the Senate, and they are not laws, because not enacted by Congress. If we assume that as administrative regulations made by authority of Congress they have the force of law, the package was imported contrary to law. But the section is evidently intended to prevent smuggling. The word "fraudulently" covers the acts of every one who directly smuggles, and the word "knowingly" the acts

of every one who consciously assists a smuggler. The question of intent is distinctly involved. The claimant, Goldstein, has been acquitted of any imputation of fraud, and E. Boyer, who registered the package at Havana, could not be held liable for fraudulently importing or assisting to import the package contrary to law, because he plainly marked it as containing "Loose diamonds, dutiable." He did not knowingly assist a smuggler, unless he had actual knowledge of the regulation and that the purpose of sending the package through the mails was to defraud the customs. If imputed or constructive knowledge of the regulation were thought by Congress enough to justify forfeiture, the word "knowingly" would not have been used. There being no evidence that Boyer knew of the existence of the regulation, or was conscious of assisting a smuggler contrary to law, we think this package is not subject to forfeiture.

The court below is directed to strike the package out of the decree of forfeiture, which, as so modified, is affirmed; no costs of this court to either party.